COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


AMERICAN LONGWALL MINING CORPORATION
AND
TRAVELERS INSURANCE COMPANY                MEMORANDUM OPINION[*]
                                              PER CURIAM
v.   Record No. 1300-96-3                  NOVEMBER 26, 1996

LARRY WAYNE HOPKINS


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                  (Jim H. Guynn, Jr.; Guynn & Clemens, on
                  brief), for appellants.

                  (Lawrence L. Moise, III; Vinyard and Moise,
                  on brief), for appellee.


        American Longwall Mining Corporation and its insurer
(hereinafter collectively referred to as "employer") contend that
the Workers' Compensation Commission ("commission") erred in
finding that Larry W. Hopkins ("claimant") did not unjustifiably
refuse selective employment.  Specifically, employer argues that
the commission erred in finding that employer failed to prove
that the light-duty job offered to claimant was suitable to his
capacity.  Upon reviewing the record and the briefs of the
parties, we conclude that this appeal is without merit.
Accordingly, we summarily affirm the commission's decision.  Rule
5A:27.

        On appellate review, we construe the evidence in the light
most favorable to the party prevailing below.  R.G. Moore Bldg.

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

<u>Corp. v. Mullins</u>, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "To support a finding of refusal of selective employment 'the record must disclose (1) a bona fide job offer suitable to the employee's capacity; (2) [a job offer that was] procured for the employee by the employer; and (3) an unjustified refusal by the employee to accept the job.'" <u>James v. Capitol Steel Constr. Co.</u>, 8 Va. App. 512, 515, 382 S.E.2d 487, 489 (1989)(quoting <u>Ellerson v. W.O. Grubb Steel Erection Co.</u>, 1 Va. App. 97, 98, 335 S.E.2d 379, 380 (1985)). "Questions raised by conflicting medical opinions must be decided by the commission." <u>Penley v. Island Creek Coal Co.</u>, 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

The commission, in its role as fact finder, weighed the conflicting medical records and opinions of Drs. Lyle W. Bauman and Patrick C. Wallace, and resolved these inconsistencies in favor of claimant, finding that employer's evidence did not prove that claimant had been released to perform the light-duty job offered to him by employer in April 1995.

On appeal, this Court "does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." <u>Wagner Enters., Inc. v. Brooks</u>, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). Based upon claimant's February 1995 unsuccessful attempt to perform the same light-duty job offered to him by employer in April 1995, Dr. Wallace's March 17, 1995 opinion that claimant remained totally

disabled, and the irreconcilable inconsistencies found in Dr. Bauman's opinions, we cannot say as a matter of law that employer's evidence sustained its burden of proof.  Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>
